GOTTLEIB SCHMIDT, PLAINTIFF, v. PUBLIC SERVICE RAILWAY COMPANY, A CORPORATION, DEFENDANT.

Decided January 19, 1927.

**Negligence—Injury to a Passenger in a Trolley Car—Liability Admitted but Rule Asked For on Ground of Excessive Award $17,000—Facts Considered and Award Held Excessive—$12,000 Suggested or the Rule will be Made Absolute.**

On defendant's rule to show cause.

Before Justices KALISCH and KATZENBACH.

For the rule, *Joseph Coult.*

*Contra, George W. V. Moy.*

PER CURIAM.

At the trial liability was admitted and the only question that is before us on the rule to show cause is whether the damages are excessive. There was a verdict of $17,000 in favor of the plaintiff against the defendant. On behalf of the defendant it is argued that the verdict is so grossly excessive that it should be set aside.

The injuries which the plaintiff sustained were the result of a collision while a passenger on a public service railway car which jumped the tracks and crashed into a telegraph pole. The plaintiff testified as follows: "When I changed cars at Bound Brook for going to my work toward Raritan, and I was in the car when the car started off, the car jumped the tracks and somebody screamed, and I was about to go on my feet. I wanted to see what was going on and at the same time I got thrown on the right-hand corner of the car. So, finally, when everything was over, I was forced to get out, I went over the other way and fell on the floor, and the conductor came and wanted to take my name, and I put that

up against the car to write my name, and I could not lift my right arm. Then I realized I must be hurt somewhere, and I had splinters in my right hand here" (indicating back of hand at knuckles). It further appears that when he was undressed there were found marks on the top of his shoulder and marks on the skin of his back.

At the time of his injury he was an employe of the Sherwin Williams Paint Works, as a foreman. He was earning about $42 a week, and it appears from the testimony that the nature of his work requires the use of his shoulder, arm and hand. When the firm was busy he had two or three men under him and when not busy he did all the work alone.

The case was tried on the 19th of January, 1926, about nine months after the plaintiff was injured. During all that time he was not only unable to do any work, but, according to the testimony, suffered a great deal of pain and underwent an operation in the Muhlenberg hospital, where his shoulder and arm were put into a cast for thirty-four days without producing any beneficial result. According to the plaintiff's testimony, corroborated by his wife, the plaintiff has been unable to rest in a bed and sits up in an easy chair. He was unable to help himself to such an extent that it required someone to assist him at all times.

Doctor Longbottom, one of the physicians who attended him, testified that according to his opinion he thought that within a year the plaintiff should have some use of his arm, but that he was unable to say within what period there was a reasonable probability of his entirely recovering the use of his arm.

Doctor Cooley, a specialist, who examined the plaintiff, and who had prescribed medicine for him at different times, testified that in his opinion there was no probability of the plaintiff's arm ever getting better; that it seemed to him, the doctor, to be getting more useless.

There was also testimony of a masseur, to the effect that he saw the plaintiff on the day of the accident, and examined his body, and that he saw the whole arm and neck and certain portions of the back, and that there was discoloring on

the neck, shoulder and arm and one muscle, and that there was a big lump on the right side, and that he massaged the neck; that he attempted to massage the arm and shoulder but could not since it was too sore. Furthermore, there was proof that up to the date of the trial there was loss of wages and necessary expenditures for doctor bills, massaging and medicine, amounting to about $2,150. We think, however, that the award of $17,000 is excessive, in view of the fact that there was some testimony by a physician, produced by the plaintiff, that there was a probability of a betterment of the arm so that the plaintiff could have the use of it.

If the plaintiff will agree to accept the sum of $12,000, the rule to show cause will be discharged, otherwise, the rule will be made absolute.